```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

IFC CREDIT CORPORATION,            )
                                   )
                 Plaintiff,         )
                                   )
     v.                            )      No. 09 C 3761
                                   )
MONARCH TRANSPORT, LLC, et al.,    )
                                   )
                 Defendants.        )

## MEMORANDUM ORDER

IFC Credit Corporation ("IFC Credit") has filed this action against Monarch Transport, LLC ("Monarch"), Scot Crader ("Crader") and Troy Renkemeyer ("Renkemeyer"), invoking federal jurisdiction on diversity of citizenship grounds.  Because that effort is impermissibly flawed, so that IFC Credit has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte memorandum order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that the present flaw can very likely be cured and the action can then be reinstated.

Complaint ¶1 properly identifies the jurisdictional facts as to IFC Credit itself, and Complaint ¶¶3 and 4 do the same as to Crader and Renkemeyer.  But as to Monarch, Complaint ¶2 speaks only of the jurisdictionally irrelevant factors of Monarch's state of formation and the location of its principal place of business.

That last set of allegations ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove

v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only IFC Credit's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with IFC Credit and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court (a fine that is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable) if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal. Because this dismissal is attributable to IFC Credit's lack of establishment of federal subject matter jurisdiction, by definition it is a

dismissal without prejudice.

In that respect, however, it seems quite likely that Monarch's membership may not include any citizens of Illinois, in which event the jurisdictional flaw spoken of here would in fact prove readily curable. In light of that possibility this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

There is one more issue that IFC Credit's counsel should be prepared to address if an effort is indeed made to revive this action here. From this Court's look at the equipment lease that has given rise to this litigation, there appears to be a real possibility that its "Remedies" provision (paragraph 14) may implicate an unenforceable penalty--but that possibility has been rendered particularly hard to evaluate because the copy of the document attached to IFC Credit's Complaint is not only in particularly fine print but suffers from a poor quality of reproduction. Accordingly counsel should make an effort to obtain and provide to this Court a more legible copy that shows (among other things) just which portions of the printed form have been stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 25, 2009